AMERICAN NATIONAL LIFE INS. CO. *v.* JOHNSON.

(Division A.   Nov. 26, 1928.)

[118 So. 898.   No. 27423.]

*Everett & Forman,* for appellant.

*Geo. L. Teat* and *Howie, Howie & Latham,* for appellee.

McGowen, J. Suit was brought against the American National Life Insurance Company, appellant here, by the appellee, Richard Johnson, as beneficiary under an accident insurance policy in that company taken out by Lucy Johnson, the wife of appellee, who was alleged to have died from the effect of gunshot wounds inflicted by appellee. There was a verdict and judgment in the lower court for five hundred dollars, the face value of the policy, and the insurance company prosecutes an appeal here.

In the lower court, the question, under the policy, was whether the insured came to her death accidentally or designedly at the hands of the beneficiary in the said insurance policy.

The appellee, Richard Johnson, testified that he shot his wife while he was engaged in a gunshot duel with Felix Thurston; that Thurston fired the first shot, which he returned, and, in the exchange of shots between the duelists, his wife received the wound from which she died.

There was testimony supporting the theory of the insurance company that Johnson shot his wife by deliberate design, or by reckless intent to kill any person present, there being three in number.

In the court below defendant, appellant here, pleaded paragraph W of the policy, entitled "Partial Coverage," which reads as follows:

"In the event of any claim for either death or disability, resulting from accident or injuries arising under this policy due directly or indirectly, wholly or in part,

to (1) injuries received in attempting to evade arrest; (2) injuries intentionally inflicted by any person for private or personal reasons, whether caused by act of insured or not; (3) injuries received while engaged in rioting, fighting or strikes, whether or not insured is engaged in same, then in all such cases benefits paid shall be ten (10) per cent of the benefits otherwise paid under this contract."

Defendant asked an instruction enforcing section 3 of said paragraph W, limiting plaintiff's right of recovery, at all events, to ten per cent or fifty dollars, which instruction was refused by the court.

It is manifestly appellee's theory that Lucy Johnson, the insured, received the injury which caused her death as a result of fighting in which said Lucy was not engaged at the time; and it will be observed that the policy is limited to ten per cent if she received such injuries, whether she was taking part in the fight or not.

We are applying a strict construction of this contract against the insurer; and, while the grammar and rhetoric may be criticized, we cannot agree with counsel for the appellee that there is any ambiguity in the contract, such as to render it of no effect. It is effectual to limit the liability of the insurer. It is a very obvious limitation of the liability, in that the insurance company does not agree to insure either a participant in the fight, or an innocent bystander, injured in the fight. The instruction asked for in the court below should have been given. This seems to be the limit of the insurer's liability.

*Reversed and remanded.*